MICHAEL E. ADAMS (SBN: 47278)
LAW OFFICES OF MICHAEL E. ADAMS
702 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 599-9463
Fax: (650) 599-9785

Attorney for Plaintiff
BRADLEY G. DREHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY G. DREHER,<br><br>    Plaintiff,<br><br>vs.<br><br>JILL BROWN, DR. WILSON, SUE MORRIS, GARY T. STANTON, and DOES 1 to 50,<br><br>    Defendants.<br>_____ | Case No. C-07-00731 SBA<br><br>**PLAINTIFF'S MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS UPON DEFENDANT SUE MORRIS; SUPPORTING DECLARATION; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; PROPOSED ORDER** |

    Plaintiff Bradley G. Dreher hereby moves, pursuant to Local Rule 6-3, for an order enlarging by fourteen days from issuance thereof the time within which Defendant Sue Morris must be served with process. This motion is based on the supporting declaration and supporting memorandum of points and authorities hereinbelow.

DATED: May 23, 2007

                                            */s/ Michael E. Adams*

                                      _____
                                      MICHAEL E. ADAMS
                                      Attorney for Plaintiff
                                      BRADLEY G. DREHER

///

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 364-3346

1

First Amended Complaint for Federal Civil Rights Violations and Disability Discrimination

# SUPPORTING DECLARATION

I, MICHAEL E. ADAMS, hereby declare:

1. I am the attorney of record herein for Plaintiff Bradley G. Dreher.

2. On November 30, 2006, I filed the complaint herein in the Superior Court for the County of Marin.

3. By mid-January, 2007, I effected service of process upon two of the four named defendants herein, namely Gary T. Stanton (Solano County Sheriff) and Jill Brown (warden of San Quentin State Prison during the involved events). On February 5, Defendant Stanton removed this case to the above-entitled court, and on February 7, Defendant Brown joined in the removal.

4. As to Defendant Gilbert Wilson, M.D., who had been on the medical staff of San Quentin State Prison during the involved events, I retained a licensed investigator, John Stevenot, to ascertain his present whereabouts on January 25. A few days later, Mr. Stevenot provided me with an investigation report indicating that Defendant Wilson was currently working at the Alameda County Jail at Santa Rita, and after numerous efforts my process server succeeded in effecting service on Defendant Wilson in early March. Defendant Wilson appeared herein on May 16.

5. As to Defendant Morris, I telephoned the Fairfield parole office in mid-January to inquire about her present whereabouts, in that she had been stationed at that office as Plaintiff's parole officer during the involved events. That office informed me that Defendant Morris had transferred to Sacramento, where she was functioning in a different capacity for the Department of Corrections, and gave me another telephone number that I was informed might lead to her. I immediately called that number, but found myself caught in a telephone tree of recorded messages, so decided to enlist my above investigator to locate her. On January 23, I faxed him a memo seeking to locate both Defendant Morris and, as stated above, Defendant Wilson. However, by inadvertent error, I referred to Defendant Morris as Jill Brown, another of

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 364-3346

2

First Amended Complaint for Federal Civil Rights Violations and Disability Discrimination

the four Defendants who, as stated above, had already been located and served.[1] I caught this error a few days later, and faxed Mr. Stevenot an amended memo on January 27 in an effort to cure the error.[2] However, I learned today from Mr. Stevenot that the similarity in format and wording of the two memos had led him to misinterpret the second memo as merely reiterating the investigation task that he had just completed in response to the first

---

[1] My memo to Mr. Stevenot stated:

"January 23, 2007

**INVESTIGATION MEMO**

**TO**: JOHN STEVENOT
**FAX**: 650/592-1318
**FR**: MIKE ADAMS
**CLIENT** (use this name in billing me): DREHER

**TODO**: FIND TWO OF THE DEFENDANTS (JILL BROWN and DR. WILSON

**FACTS**: This case concerns the failure of custodial personnel to treat plaintiff, Bradley Dreher, for his HIV-positive condition, and related claims. Regarding the defendants to find:
    ...Jill Brown was Mr. Dreher's parole officer in the Fairfield parole office (707/428-2016) in 2004. I called there and was told that she transferred to Sacto, where she is performing some sort of personnel or HR function for the Dept of Corrections as a "personnel specialist". A possibly useful telephone number: 916/324-6919
    ...Dr. Wilson was on the medical staff at San Quentin State Prison in 8/04; I don't know if he is still there or where."

[2] The amended memo stated:

January 23, 2007

**AMENDED INVESTIGATION MEMO**

1-28-07
**TO**: JOHN STEVENOT
**FAX**: 650/592-1318
**FR**: MIKE ADAMS
**CLIENT** (use this name in billing me): DREHER

**TODO**: FIND ONE REMAINING DEFT: SUE MORRIS

**FACTS**: This case concerns the failure of custodial personnel to treat plaintiff, Bradley Dreher, for his HIV-positive condition, and related claims. Regarding the defendant to find (note that my last memo mistakenly gave you the below info re Jill Brown):
    ...Sue Morris was Mr. Dreher's parole officer in the Fairfield parole office (707/428-2016) in 2004. I called there and was told that she transferred to Sacto, where she is performing some sort of personnel or HR function for the Dept of Corrections as a "personnel specialist". A possibly useful telephone number: 916/324-6919

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 364-3346

3

First Amended Complaint for Federal Civil Rights Violations and Disability Discrimination

memo, and that he consequently performed no further work in response to the second memo. In the meantime, based on my many years of experience with Mr. Stevenot as a diligent investigator, I mistakenly assumed that he was still trying to locate Defendant Morris as I had requested in the second memo.

6. At my request today, Mr. Stevenot did commence efforts to locate Defendant Morris. At his request, the Fairfield parole office sent an e-mail to Defendant Morris conveying his request that she contact him. He also located a litigation coordinator in the Oakland office of the Department of Corrections who has undertaken to contact Defendant Morris and seek her permission to accept service of process in her behalf. I am therefore sanguine that service of process can be effected upon Defendant Morris within two further weeks of effort to contact and serve her with process.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 23rd day of May, 2007 in Palo Alto, CA.

*/s/ Michael E. Adams*
_____
MICHAEL E. ADAMS

**SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

The Federal Rules of Civil Procedure, Rule 4, provides in pertinent part as follows:

> "**(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for an appropriate period. . . ."

As applied to a removal case such as this one, the 120 day period prescribed in the above rule arguably does not start to run until the date of removal. If so, this period will not have run until June 5, 2007, given the removal date herein of February 5, 2007. Alternatively, conceding *arguendo* that the 120 day period started to run herein upon the filing of the complaint in state court on November 30, 2006, the foregoing rule appears to

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 364-3346

4

First Amended Complaint for Federal Civil Rights Violations and Disability Discrimination

1  give this court the discretion to specify a time for effecting service upon the remaining
2  defendant even without a showing of good cause (and thereafter to extend the time for
3  service if good cause is shown for doing so). Herein, Plaintiff asks only that the court
4  specify a two week time period within which to effect service. Although it would appear
5  unnecessary to establish good cause for this initial specification of a further time period to
6  effect service, Plaintiff submits that he has in fact so shown in the foregoing declaration,
7  e.g. he has been both diligent and timely in locating and serving process upon the other
8  three named defendants, and, but for a miscommunication between his counsel and the
9  latter's investigator, would likewise have timely served the remaining defendant. It is in
10 the interest of justice to permit Plaintiff a reasonable opportunity to effect service upon the
11 remaining defendant, so that a full and complete adjudication of Plaintiff's claims on the
12 merits can be obtained.
13 DATED: May 23, 2007

_____
MICHAEL E. ADAMS
Attorney for Plaintiff
BRADLEY G. DREHER

**PROPOSED ORDER**

The court having reviewed Plaintiff's motion to enlarge time,

IT IS HEREBY ORDERED that Plaintiff shall have fourteen days from issuance of this order within which to effect service of process upon Defendant Sue Morris.

DATED: ~~May ___, 2007~~
September 19, 2007

_/s/ Saundra B. Armstrong_
HON. SAUNDRA BROWN ARMSTRONG
U.S. DISTRICT COURT JUDGE

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 364-3346

5

First Amended Complaint for Federal Civil Rights Violations and Disability Discrimination