EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
CHRISTOPHER M. YOUNG, State Bar No. 238532
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5553
 Fax:  (415) 703-5843
 Email:  Chris.Young@doj.ca.gov

Attorneys for Defendant Brown

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **BRADLEY G. DREHER,**<br><br>Plaintiff,<br><br>v.<br><br>**JILL BROWN, et al.,**<br><br>Defendants. | CASE NO. C 07- 00731 SBA<br><br>**SETTLEMENT AGREEMENT; STIPULATION AND ORDER OF DISMISSAL** |

The parties agree as follows:

A.   Plaintiff Bradley Dreher (Plaintiff) filed his original complaint for damages in this action on November 30, 2006, in Marin County Superior Court.  Defendant Stanton removed the complaint on February 5, 2007.  (Court Docket No. (CD) 1.)  Defendant Brown joined in the removal on February 9, 2007.  (CD 4.)

B.   Plaintiff's complaint includes causes of action for violations of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution and under the Americans with Disabilities Act against Defendants Gary Stanton, Jill Brown, Susan Morris, Dr. Gilbert Wilson, and Doe defendants 1-50.  Plaintiff was incarcerated from approximately June 9,

1  2004, until November 30, 2004, at Solano County Jail and San Quentin State Prison. Plaintiff
2  alleged that his parole revocation hearing was delayed, that medical staff were deliberately
3  indifferent to his serious medical needs, that defendants violated his rights under the Americans
4  with Disabilities Act, and that he was incarcerated approximately twenty-two days beyond his
5  scheduled release date. The causes of action in Plaintiff's complaint are based on allegations
6  concerning these incidents.

7      C.    On March 19, 2008, the Court ordered the dismissal of Defendant Gary Stanton
8  following a stipulation of the parties. (CD 41.) On April 22, 2008, the Court ordered the
9  dismissal of Defendant Susan (Sue) Morris following a stipulation of the parties. (CD 45.) On
10 June 19, 2008, the parties filed a stipulation of dismissal of Defendant Dr. Wilson with prejudice.
11 (CD 56.) Accordingly, Defendant Brown (Defendant) is the only remaining defendant in the
12 case.

13     D.    The parties wish to fully resolve all matters that were or could have been asserted in
14 this action. Therefore, they now enter into this stipulation to fully settle and discharge all claims
15 that are, or might have been, the subject matter of the action, on the terms and conditions set
16 forth below.

17     THE PARTIES STIPULATE AS FOLLOWS:    1.    Plaintiff agrees to the voluntary
18 dismissal with prejudice of the above-captioned action under Rule 41(a) of the Federal Rules of
19 Civil Procedure.

20     2.    Defendant and the California Department of Corrections and Rehabilitation (CDCR)
21 deny any and all liability. This agreement does not constitute an admission of liability or any
22 wrongdoing on behalf of any party.

23     3.    In consideration for a release of all claims and a dismissal in this action, the CDCR, on
24 behalf of Defendant, agrees to pay Plaintiff two thousand five hundred dollars ($2,500).
25 Payment shall be made to Attorney Michael E. Adams in trust for Plaintiff.

26     4.    At the time that Plaintiff signs this settlement agreement, he shall also sign and return
27 to defense counsel a Payee Data Record form. Upon receipt of the executed settlement
28 agreement and a completed Payee Data Record Form for each payee, CDCR will have up to 90

Settlement Agreement; Stip. & [Proposed] Order of Dismissal    *Dreher v. Brown, et al.*
    Case No. C 07- 00731 SBA

days to issue the settlement payment check. Payment of the settlement reached is contingent upon the legislature signing a budget and appropriating the necessary funds for the fiscal year 2008-09. Failure to sign a budget by the beginning of fiscal year 2008-08 will not waive CDCR's obligations set forth in Paragraph 3. The parties agree that payment of settlement funds may be delayed until 90 days after a budget is enacted, if the 2008-09 California Budget is not enacted by July 1, 2008.

5. Plaintiff expressly waives and assumes the risk of any and all claims for damages that exist as of this date, but that he does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and that, if known, would materially affect his decision to enter into this settlement agreement. Plaintiff has read the contents of section 1542 of the Civil Code of the State of California, and he expressly waives the benefits of this section. Section 1542 reads as follows:

> Section 1542. (General Release - Claims Extinguished)
> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff assumes the risk that the facts or law may be other than he believes.

6. In consideration of the obligations set forth in Paragraph 3, Plaintiff completely releases and forever discharges Defendant, all served and unserved defendants, CDCR, CDCR's agents and employees, San Quentin State Prison, and any unnamed defendants, from any and all claims that are the subject of the action as alleged in Plaintiff's complaint and any and all claims that are based on, related to, or derived from the alleged acts or omissions of Defendant, CDCR, CDCR's agents and employees, or San Quentin State Prison as alleged in Plaintiff's complaint filed in this action.

7. The parties shall bear their own attorney's fees and costs.

8. This stipulation shall constitute the entire agreement between the parties arising from the allegations alleged in this action, and it is expressly understood and agreed that this stipulation has been freely and voluntarily entered into by all parties. It may not be altered,

1  amended, modified, or otherwise changed in any respect except by writing executed by the
2  parties to this agreement.
3  IT IS SO STIPULATED.

4
5  Dated:  July 2, 2008            /s/ Michael E. Adams (signature page attached)
                                   MICHAEL E. ADAMS, ESQ.
                                   Attorney for Plaintiff Bradley Dreher
6

7  Dated:  July 3, 2008            /s/ Christopher M. Young
                                   CHRISTOPHER M. YOUNG
8                                  Deputy Attorney General
                                   Attorney for Defendant Jill Brown and the California
9                                  Department of Corrections and Rehabilitation

10

11

12                                **ORDER**

13      IT IS ORDERED that this case against Defendant shall be dismissed with prejudice.

14  IT IS SO ORDERED.

15

16  Dated: 7/7/08                  _____
                                   SAUNDRA B. ARMSTRONG
17                                 United States District Judge

---

Settlement Agreement; Stip. & [Proposed] Order of Dismissal                *Dreher v. Brown, et al.*
                                                                           Case No. C 07- 00731 SBA